**Commonwealth v. Eiseman**

*Maureen A. Flannery,* for Commonwealth.
*Richard R. Fink,* for defendant.

FINLEY, *J.,* October 31, 2008—

## FINDINGS OF FACT

(1) On January 7, 2008, defendant, Gregory Eiseman, pled guilty to one count of indecent assault person less than 16 years of age and one count of involuntary deviate sexual assault person less than 16 years of age.

(2) The crime occurred on June 21, 2007 at defendant's residence after he and victim had gone together to see a movie.

(3) At the time of the assault, the victim was 15 years of age and the defendant 21.

(4) Sentencing was deferred upon the Commonwealth petitioning to have defendant classified as a sexually violent predator (SVP) by the Sexual Offenders Assessment Board (SOAB).

(5) On March 17, 2008, Mr. Dean Dickson M.S., of the SOAB completed an assessment of defendant following a review of defendant's records, court documents, police reports, school records and psychological/psychiatric reports.

(6) Mr. Dickson diagnosed defendant with antisocial personality disorder (APD) and also determined that defendant met the criteria for classification as a sexually violent predator. N.T. 9/17/08, pp. 14-15.

(7) On September 15, 2008, an SVP classification hearing was held during which Mr. Dickson testified on behalf of the Commonwealth as to his diagnosis that defendant suffers from APD and further opined that this personality disorder predisposed defendant to the commission of sexual crimes.

(8) Mr. Dickson analyzed defendant under the factors set forth in 42 Pa.C.S. §9795.4 of the Sexual Offenders Registration Act in reaching his conclusion and found particularly significant the age of the victim (15) and the fact that they had met online.

(9) After reviewing all the factors required under section 9795.4, including defendant's prior criminal history, Mr. Dickson concluded that defendant met the criteria for classification as a sexually violent predator.

(10) Defendant presented two witnesses, Eric Weinstein Psy.D., an expert in the diagnosis and treatment of

mental diseases, and Frank M. Dattilio Ph.D., ABPP, an expert in the assessment and treatment of adult sexual offenders, both of whom had personally evaluated defendant.

(11) Dr. Weinstein, in October 2007 began meeting with defendant and after reviewing various records, interviewing defendant's family and weekly sessions with defendant, diagnosed defendant with pervasive developmental disorder not otherwise specified (PDD-NOS) and bipolar disorder not otherwise specified.

(12) Dr. Weinstein found symptoms of PDD-NOS in defendant's cognitive limitations such as difficulty understanding abstract concepts and remembering information, and executive limitations such as an inability to plan, organize and execute goals. N.T. 9/17/08, pp. 96-100; exhibit D-1.

(13) Dr. Weinstein also found defendant lacked a strong understanding of the rules of social interaction and exhibited social anxiety, slow assimilation in social situations, and skill deficits in verbal and nonverbal communication, all characteristics supporting a PDD-NOS diagnosis. N.T. 9/17/08, pp. 96-100; exhibit D-1.

(14) Dr. Weinstein testified that defendant has an adequate understanding of the offense and has changed certain behaviors to reduce the possibility of reoffense, including not using a computer.

(15) Further, and of critical importance, Dr. Weinstein concluded defendant's diagnoses do not correlate with

the possibility of reoffense as PDD-NOS and bipolar disorder do not increase the likelihood of recidivism. N.T. 9/17/08, pp. 102-103.

(16) Dr. Frank M. Dattilio was also presented by the defense as an expert in the assessment and treatment of adult sexual offenders.

(17) Dr. Dattilio evaluated defendant on two separate occasions, May 27 and June 16, 2008, administering a battery of psychological tests.

(18) After reviewing the test results together with his review of defendant's records, history and his own interviews, Dr. Dattilio concluded that defendant suffers from PDD-NOS and bipolar as had previously been diagnosed by defendant's treating doctors including Dr. Weinstein. N.T. 9/17/08, p. 152.

(19) Dr. Dattilio testified that defendant exhibited delays in developmental milestones, qualitative impairment in social interactions and interpersonal skills because of his impediments, lack of solid peer relationships appropriate to a developmental level, poor social and emotional reciprocity, poor communication skills, and low self-esteem/self-worth, all characteristics supporting PDD-NOS. N.T. 9/17/08, pp. 142-46; exhibit D-4.

(20) The psychological tests performed by Dr. Dattilio showed defendant has a permanent and pervasive disorder that falls within the autism spectrum and as a result, defendant functions at the level of an adolescent and tends to be primitive in his thinking. N.T. 9/17/08, p. 162; exhibit D-4.

(21) Defendant had never been diagnosed with, or treated for, a conduct disorder prior to Mr. Dickson's finding.[1]

(22) Dr. Dattilio found Mr. Dickson's APD diagnosis to be incorrect because defendant did not have a conduct disorder by age 15 as required for a diagnosis. N.T. 9/17/08, pp. 161, 166-67.

(23) Dr. Dattilio also testified as to defendant's likelihood of engaging in predatory behavior, opining that defendant did not display the element of specific intent to engage in predatory behavior or act with the specific intent of initiating a relationship with the victim for the purpose of victimization. N.T. 9/17/08, p. 171.

(24) Dr. Dattilio analyzed defendant's conduct under the statutory factors, finding defendant's behavior to be the result of the PDD-NOS and concluded within a reasonable degree of medical certainty defendant did not meet the criteria for SVP classification. N.T. 9/17/08, pp. 170-74.

## CONCLUSIONS OF LAW

(1) The defendant pled guilty to one count of indecent assault and one count of involuntary deviate sexual intercourse, both counts involving a victim less than 16 years of age and are crimes enumerated under 42 Pa.C.S. §9795.1.

---

1. Dr. Dattilio testified that defendant's behavior did not rise to the level where it met the diagnostic criteria for a conduct disorder. N.T. 9/17/08, pp. 160-61.

(2) The Commonwealth bears the burden of establishing the defendant suffers from a mental abnormality that makes the defendant likely to engage in predatory sexually violent offenses.

(3) This court finds that the Commonwealth has failed to establish by clear and convincing evidence that defendant suffers from a mental abnormality that makes him likely to reoffend in an offense of this nature.

(4) Defendant shall not be classified as a sexually violent predator.

## DISCUSSION

Under Megan's Law II, when a defendant is convicted of one of the offenses enumerated in the statute, a trial court must defer sentencing and order the Sexual Offenders Assessment Board (SOAB) to assess whether the individual should be classified as a sexually violent predator for sentencing purposes.

SVP classification carries with it serious, lifelong repercussions with the potential to place an individual's relationships, liberty and life in jeopardy, and thus, classification requires the court's subjective assessment of an offender's potential future dangerousness. See *Commonwealth v. Williams,* 557 Pa. 285, 733 A.2d 593 (1999); see also, *Commonwealth v. Bey,* 841 A.2d 562, 567 (Pa. Super. 2004).

The Commonwealth bears the burden to establish by clear and convincing evidence that the individual is a sexually violent predator. *Commonwealth v. Dengler,* 843 A.2d 1241, 1246 (Pa. Super. 2004). Pursuant to the stat-

ute, a sexually violent predator is defined as a person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. 42 Pa.C.S. §9792.

The assessment shall include, but not be limited to, an examination of: (1) facts of the current offense; (2) prior offense history; (3) characteristics of the individual; and (4) factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense. 42 Pa.C.S. §9795.4(b).

The first prong the Commonwealth must establish is that a mental abnormality or personality disorder exists that makes it likely the individual would engage in the types of offenses set forth in the statute. Mental abnormality is defined as a congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. 42 Pa.C.S. §9792.

In evaluating the evidence presented during the hearing, we find the Commonwealth did not establish by clear and convincing evidence that defendant suffers from a mental abnormality or personality disorder that would make him likely to engage in subsequent offenses. This finding is based upon the Commonwealth's failure to sufficiently show that defendant suffers from APD and

not PDD-NOS. We find this determination to be supported by the following:

(1) Dr. Weinstein's conclusion that defendant suffers from PDD-NOS and bipolar disorder based upon his review of various documents, records, and his direct contact with defendant during treatment sessions.

(2) Dr. Dattilio's conclusion that defendant suffers from PDD-NOS and bipolar disorder based upon his review of the records, documents, the results of the battery of performance and diagnostic tests administered to defendant and his direct contact with defendant.

(3) Expert testimony that individuals suffering from PDD-NOS exhibit many of the same behaviors as those suffering from APD, with the exception of a conduct disorder manifesting by age 15.

(4) Defendant was never in treatment for, or diagnosed with, a conduct disorder by any doctor, prior to his assessment by Mr. Dickson.

(5) In addition, we find that two incidents prior to age 15 do not support a conclusion that a pervasive pattern exists, such to establish that defendant exhibited a conduct disorder.

The Commonwealth's contentions regarding defendant's mental abnormality and potential to reoffend are substantially contradicted by defendant's evidence and thus, the Commonwealth has failed to meet its burden of proving that defendant is a sexually violent predator under the statute.

Mr. Dickson also assessed defendant using the factors under section 9795.4(b), noting the following: how the

relationship was established with the victim, prior juvenile and criminal record, defendant suffered from APD, his single marital status, his prior sex offense, and his juvenile delinquency and criminal versatility. We note that there is no scientific assignment of weight values to these factors and no factor is more important or significant than another.

This court finds credible the testimony that defendant's conduct is the product of his PDD-NOS as diagnosed by several treating doctors and his documented developmental delays and not the product of a predisposition to the commission of criminal sexual acts such that defendant is a present or future danger to society.

The second prong the Commonwealth must establish is that the individual displays predatory behavior which is defined as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. §9792.

The salient inquiry that must be made by the trial court is the identification of the impetus behind the commission of the crime and the extent to which the offender is likely to reoffend. *Commonwealth v. Geiter,* 929 A.2d 648, 651 (Pa. Super. 2007). Aside from Mr. Dickson's opinion that defendant's initiation of the relationship was predatory, the Commonwealth did not provide any evidence to suggest that defendant established the relationship with the specific intent to victimize. The facts of the case indicate that defendant initiated the relationship with the victim in order to go on a date to the movies and thus,

we find that defendant did not engage in predatory behavior as defined by the statute.

Upon consideration of the facts of the offense, all assessment factors, and the expert opinions of whether defendant suffers from APD as diagnosed by Mr. Dickson, we find that the Commonwealth did not meet its burden to establish by clear and convincing evidence that defendant suffers from a mental abnormality or personality disorder, such that defendant is likely to engage in predatory sexually violent offenses and thus, defendant does not meet the criteria for classification as a sexually violent predator.

## ORDER

And now, October 31, 2008, after a hearing to determine if defendant is to be classified as a sexually violent predator, and upon a finding by this court that the Commonwealth has not proven by clear and convincing evidence that defendant meets the criteria to be so classified, it is hereby ordered that defendant shall not be classified as a sexually violent predator pursuant to 42 Pa.C.S. §9795.4.